UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW IZEH,

            Plaintiff,

-against-

GARY KOOS KENT; NEW YORK COUNTY
ASSISTANT DISTRICT ATTORNEY; JUDGE
WESTON CORITT MANHATTAN SUPREME
COURT PART 42; KELLEY MINOGUE, (DA)
REPORTER (DISTRICT ATTORNEY),

            Defendants.

25-CV-0478 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who currently is detained at the Robert N. Davoren Center on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants are violating his right to a speedy trial in state court and seeking release. By order dated February 6, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff brings this action under Section 1983, challenging his criminal proceedings in New York County Supreme Court. He names as defendants: (1) his criminal defense attorney, Gary Koos Kent; (2) an unidentified New York County Assistant District Attorney; (3) New York County Supreme Court Judge Weston Coritt; and (4) "(DA) Reporter (District Attorney)" Kelley Minogue. (ECF 1 at 1.) The following facts are drawn from the complaint.[2]

Kent filed a motion in the state court to dismiss Indictment No. 71557/24 – under which Plaintiff was charged with persistent sexual abuse – on speedy trial grounds, under New York Criminal Procedure Law § 30.30. (*Id.* at 4.) Plaintiff alleges that the trial court granted that motion, but Kent "refuse[d] to call it out for the dismissal of the case," which "prejudice[ed]" Plaintiff. (*Id.*) Plaintiff seeks recognition of the dismissal of the indictment and to be released from custody. (*Id.* at 4-5.)

According to public records maintained by the New York State Unified Court System and the New York City Department of Correction, there are two pending indictments against Plaintiff charging him with persistent sexual abuse, Ind. No. 71557-24/001, and 71537-24/001, stemming from two separate incidents occurring in 2024. According to those records, Plaintiff is still represented by Kent, and remains in custody under both indictments.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

**DISCUSSION**

**A.      Ongoing proceedings**

The Court must dismiss Plaintiff's request that this Court intervene in his pending state-court criminal proceedings. In *Younger v. Harris,* 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-88 (2d Cir. 2025) (discussing *Younger*).

"[B]ad faith or harassment" exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Incorp. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022) (holding that the plaintiff's claim that "his neighbors' complaints which led to the charges were false" were "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state court matters"); *DeMartino v. New York State Dep't of Labor*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that the plaintiff's allegations that the criminal charges pending against him were based "on the false statements" of the defendant did not "serve as the factual predicate for a plausible finding of bad faith").

3

Here, Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses his claims for declaratory and injunctive relief.

**B.     Habeas corpus relief**

For relief, Plaintiff seeks release from custody. But Plaintiff may not obtain release from custody in a Section 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement).

Some district courts have held that a state pretrial detainee may challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[3] *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). But before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

---

[3] Where a pretrial detainee challenges his custody in a *habeas corpus* petition under Section 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding. *See, e.g.*, *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (applying *Younger*, but noting that "the length of pretrial incarceration [52 months] is highly troubling and, on its face, raises substantial questions").

Because the complaint does not suggest that Plaintiff exhausted his challenge related to the speedy trial motion in the state courts, the Court declines to recharacterize this Section 1983 complaint as a petition brought under 28 U.S.C. § 2241.[4] Any *habeas corpus* claims Plaintiff is asserting are dismissed without prejudice to refiling once Plaintiff has exhausted his state court remedies.

### C.     Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's Section 1983 claims, filed IFP under 28 U.S.C. § 1915(a)(1), are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Any *habeas corpus* claims are dismissed without prejudice.

Because Plaintiff has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4] When a district court construes a complaint brought under Section 1983 as a Section 2241 petition, it must notify the *pro se* plaintiff that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition. *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).

      The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   July 8, 2025
            New York, New York

                                                                          /s/ Louis L. Stanton
                                                                           Louis L. Stanton
                                                                                 U.S.D.J.